UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Crim. No. 03-63-P-C |
| ) | |
| ALICIA ELIZABETH GOUZIE, ) | |
| ) | |
| Supervised Releasee ) | |

## ORDER

This matter came before me on February 16, 2007 for a preliminary hearing pursuant to Fed. R. Crim. P. 32.1(a)(1). The supervised releasee appeared with counsel, waived her right to a preliminary hearing and consented to the entry of a finding of probable cause to hold her for a revocation hearing. Accordingly, I **_FIND_** probable cause to hold the supervised releasee for a revocation hearing.

A release hearing was held at Gouzie's request for the purpose of determining whether she is eligible for release pending the revocation hearing. *See* Fed. R. Crim. P. 32.1(a)(6). The standards governing release in these circumstances are those prescribed in 18 U.S.C. § 3143(a). *Id*. Thus, Gouzie is entitled to be released if she establishes, by clear and convincing evidence, that she is not likely to flee or pose a danger to the safety of any other person or the community if released pursuant to 18 U.S.C. § 3142(b) or (c).

Gouzie was placed on supervised release on February 24, 2006 following her release from a term of imprisonment imposed in April 2004 upon her conviction in this court for conspiracy to possess stolen firearms. The evidence is strong that Gouzie has a long-standing, serious, and

continuing drug habit. Specifically, since her release from prison she has, on several occasions, tested positive for, and in many instances admitted to the use of, cocaine, opiates and/or marijuana. Indeed, in October 2006 she was terminated from a job for attempting to obtain drugs from fellow employees. Moreover, on a number of occasions she failed to report, as required, for drug testing. I infer from those failures, viewed in the full context of her illegal drug use during the period of her supervised release, that the reason she failed to appear was because she knew she would test positive for controlled substances. Gouzie has not shown that she has financial resources derived from legitimate sources of income with which to obtain these controlled substances, and none is apparent from the record. At the least, her unlawful use of controlled substances helps to maintain a market that fosters a continuation of illegal drug supply and use which remain a scourge on the community.

The government also contends that Gouzie poses a risk of flight. I need not decide whether she has met her burden regarding risk of flight inasmuch as, on this record, and given the nature of the offending conduct underlying the petition for revocation, I can only conclude that Gouzie has failed to establish by clear and convincing evidence that she is not likely to pose a danger to the safety of the community if released pursuant to 18 U.S.C. § 3142(b) or (c).

The supervised releasee is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The supervised releasee shall be afforded a reasonable opportunity for private consultation with her counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the supervised releasee to the United States Marshal for the purposes of an appearance in connection with a court proceeding.

Dated this 20th day of February, 2007.

/s/ David M. Cohen
David M. Cohen
United States Magistrate Judge
